674 April 22, 2026 No. 319

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of R. M. M.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

R. M. M.,
*Appellant.*

Umatilla County Circuit Court
21JU03822; A185672 (Control), A185673

Robert W. Collins, Jr., Judge.

Submitted March 19, 2026.

Christa Obold Eshleman and Youth, Rights & Justice filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

In this consolidated appeal in a juvenile delinquency case, youth requests reversal of judgments finding that he violated a term of probation and committing him to the Oregon Youth Authority (OYA) for incarceration in a youth correction facility. He asserts four assignments of error, none of which provide a basis for reversal. We affirm.

First, youth claims that the juvenile court erred by admitting a hearsay statement from the probation officer because due process required its exclusion. However, the underlying premise of youth's argument—that the officer's statement that youth was "terminated" from a treatment program was hearsay—is incorrect. Youth does not challenge a finding by the trial court that, because the probation officer was charged with monitoring youth's performance in the community, the officer could testify to his personal knowledge that youth did not complete the treatment program. That finding is binding on appeal, and we reject youth's hearsay challenge to admission of that testimony.

Youth next argues that the juvenile court's determination that he violated probation is unsupported by the record, arguing that the evidence that he was "terminated" from St. Mary's School for Boys permits an inference that he terminated the program successfully. However, youth failed to preserve that claim and the record likely would have developed differently if he had. In all events, the record permitted a finding that youth had been unsuccessful in treatment. We therefore reject youth's second assignment of error.

Youth next asserts that the juvenile court's written findings—required by ORS 419C.478(1)—inadequately described why OYA placement was in youth's best interest. However, youth failed to preserve that claim; indeed, at the conclusion of the hearing, he expressly informed the court that he had reviewed copies of the judgment and order of commitment and agreed to the terms contained in both. If youth believed that the juvenile court's written findings were inadequate, he had ample opportunity to bring that issue to the court's attention and failed to do so sufficiently

to preserve the error he now raises. Although he alternatively asks us to review for plain error, we decline to do so in this posture given youth's representations to the court and, in all events, we are not persuaded that any error is plain. We therefore reject youth's third assignment of error.

Finally, youth contends that the juvenile court abused its discretion in placing him in OYA custody. However, there was evidence that he had a need for mental health treatment, which could not be met in the community, to stabilize before he could begin substance abuse and sex offender treatment, which had been ordered as part of his adjudication. Youth had failed to complete two mental health treatment programs in the community and had been denied entry into all other community treatment programs. There was evidence that, if placed in an OYA correction facility, youth could begin mental health treatment and access the other treatment programs in the same facility. The juvenile court's conclusion that OYA custody was in youth's best interests was within the range of allowable discretion under those circumstances.

In youth's view, evidence that his father was willing to supervise him compelled a finding that OYA custody was not in his best interests. However, the record shows that the juvenile court had previously considered and rejected his father as a placement option, and that the father's circumstances had not changed since that decision was made. Youth cannot show that all trial courts would have made the contrary decision and, thus, has not demonstrated that the juvenile court abused its discretion.

Youth also argues that the juvenile court applied an incorrect legal standard when it assessed whether that placement was in his best interest and failed to apply a "presumption" that placement with a parent is always in a youth's best interest. Youth failed to preserve that argument and, in any event, there is no plain error because the record supports a finding that, even considering such a presumption, the juvenile court could properly find that commitment to OYA custody was in youth's best interest.

Affirmed.